Lincoln D. Bandlow, Esq. (CA #170449)
Fox Rothschild LLP
Constellation Plaza
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Tel.: (310) 598-4150
Fax: (310) 556-9828
lbandlow@foxrothschild.com

*Attorneys for Plaintiff
Strike 3 Holdings, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Case Number: 5:18-cv-01171-VKD |
| Plaintiff, | Honorable Virginia K. DeMarchi |
| vs. | **PLAINTIFF'S SECOND *EX-PARTE* APPLICATION FOR EXTENSION OF TIME WITHIN WHICH TO EFFECTUATE SERVICE ON JOHN DOE DEFENDANT** |
| JOHN DOE subscriber assigned IP address 67.188.81.70, | |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff, Strike 3 Holdings, LLC ("Plaintiff"), makes this second application for entry of an order extending the time within which to effectuate service on John Doe Defendant, and states:

1.   This is a copyright infringement case against a John Doe Defendant known to Plaintiff only by an IP address. Defendant's true identity is known by their Internet service provider ("ISP").

2.   On March 23, 2018, Plaintiff was granted leave to serve a third party subpoena on Defendant's ISP to obtain the Defendant's identifying information [CM/ECF 9]. Plaintiff issued the subpoena on or about April 20, 2018 and received the ISP's response on or about June 6, 2018.

1

Plaintiff's Second *Ex-Parte* Application for Extension of Time Within Which to Effectuate
Service and Adjournment of the Initial Case Management Conference
Case No. 5:18-cv-01171-VKD

3.      Pursuant to Fed. R. Civ. P. Rule 4(m), Plaintiff was required to effectuate service on the Defendant no later than May 23, 2018.  Because Defendant's identity was unknown to Plaintiff at that time, on May 21, 2018, Plaintiff filed its First Application for Extension of Time Within Which to Effectuate Service ("First Application"). [CM/ECF 11].  The Court granted Plaintiff's First Application on May 22, 2018, extending the deadline to effect service until August 28, 2018. [CM/ECF 12].

4.      Plaintiff conducted an investigation and made the determination that the individual identified by the ISP was the appropriate defendant for this action.

5.      Pursuant to the Court's March 23, 2018, Plaintiff is prohibited from publicly disclosing the identity of the Defendant in this action [CM/ECF 9].  In compliance with the Court's Order, on August 2, 2018, Plaintiff filed an Application for Leave to File the First Amended Complaint and Proposed Summons Under Seal and for Extension of the Limited Protective Order [CM/ECF 16].  The Court granted Plaintiff's Application on August 2, 2018 [CM/ECF 17].

6.      On August 6, 2018, Plaintiff filed its First Amended Complaint both under seal [CM/ECF 18] and redacted [CM/ECF 19].  The summons was issued on August 16, 2018 [CM/ECF 20].  Upon receipt of the summons, Plaintiff will place the summons and First Amended Complaint with the process server with instructions to immediately attempt service of process upon the Defendant.

7.      Plaintiff respectfully requests that the time within which it has to effect service of the summons and Complaint on Defendant be extended an additional forty-five (45) days, and thus the deadline to effect service be extended to October 12, 2018.

8.      The filing of this application is one day past the current deadline to effectuate service.  Fed. R. Civ. P. 6(b) states, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time[…] on motion made after the time has expired if the party failed to act because of excusable neglect." Here, undersigned's paralegal

2

Plaintiff's Second *Ex-Parte* Application for Extension of Time Within Which to Effectuate Service and Adjournment of the Initial Case Management Conference
Case No. 5:18-cv-01171-VKD

miscalculated the deadline to effectuate service.  A "calendaring error is the type of error the Ninth Circuit has found is excusable neglect[.]" Goens v. Adams & Assocs., Inc., No. 216CV00960TLNKJN, 2018 WL 263896, at *3 (E.D. Cal. Jan. 2, 2018); see also Bateman v. United States Postal Serv., 231 F.3d 1220, 1225 (9th Cir.2000); see also Weco Supply Co. v. Sherwin-Williams Co., No. 1:10-CV-00171-OWW, 2010 WL 4829332, at *1 (E.D. Cal. Nov. 22, 2010) (Court found "an internal calendaring error" to be excusable neglect). In the instant case, Defendant will not be prejudiced by this delay since Plaintiff's motion was only a day late and no trial or discovery deadlines have been set. Further, at all times in this case, Plaintiff has acted in good-faith. Plaintiff sincerely apologizes for any inconvenience this calendaring error may have caused. Plaintiff will ensure that all future deadlines are appropriately docketed.

9. This application is made in good faith and not for the purpose of undue delay.

10. This is Plaintiff's second request for an extension.  None of the parties will be prejudiced by the granting of this extension.

WHEREFORE, Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Complaint on Defendant be extended until October 12, 2018.  A proposed order is attached for the Court's convenience.

Dated:  August 29, 2018                                          Respectfully submitted,

By: /s/ *Lincoln D. Bandlow*
Lincoln D. Bandlow, Esq.
FOX ROTHSCHILD LLP
*Attorney for Plaintiff*

3